UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARY ANN BECK, personally and as executrix of the Estate of William Jaye Beck,<br><br>Plaintiff,<br><br>v.<br><br>QUICK COLLECT, INC., GREGORY A. NIELSON, DAVID GARNER, LARRY BAIR, and TROY HAM,<br><br>Defendant. | No. C04-5074 RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon several motions by both parties.

Having considered the entirety of the records and file herein, the Court finds and rules as follows:

Plaintiff filed a complaint on February 12, 2004 and a First Amended Complaint on June 4, 2004 (Docket #5). Defendants filed their Answer, Affirmative Defenses and Counterclaim on June 25, 2004 (Docket #8) and an Answer, Affirmative Defense and Counterclaims to the First Amended Complaint on December 6, 2004 (Docket #32). Plaintiff's First Amended Complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, the Washington Consumers Protection Act, RCW § 19.86 *et seq.,* and a state law claim for abuse of process.

Notwithstanding plaintiff's claims to the contrary, defendants have followed the Federal Rules of Civil Procedure and this Court's local rules in the filing of documents on the Court's

- 1

electronic filing system and have mailed copies to plaintiff as set forth in certificates of service attached to defendants' filings.  Specifically, defendants' Answer (Docket #32) was properly filed and served on the plaintiff.  Furthermore, as defendants are represented, plaintiff shall refrain from contacting the defendants directly and must only communicate with the named defendants through their attorneys of record.

Plaintiff argues that defendants should not be allowed to file counterclaims to her complaint. Plaintiff is mistaken.  The counterclaims relate directly to plaintiff's complaint and are properly pled.

The parties have yet to file a Joint Status Report (See Docket #s 3, 4, and 26).  On November 30, 2004 this Court entered an Order to Show Cause why plaintiff's complaint should not be dismissed for failure to prosecute.  Plaintiff's response to the Order to Show Cause was voluminous and indicated that the parties, for whatever reason, were unable to arrange a meeting to complete the Joint Status Report.  The Court hereby directs the parties to work together to complete the Joint Status Report.  Based on the foregoing, it is hereby

ORDERED that the parties shall work together and file a Joint Status Report on or before **May 26, 2005;**

ORDERED that Defendants' Motion to Show Cause (Docket #42) is GRANTED.  Plaintiff shall refrain from contacting the defendants directly, shall refrain from visiting their place of business, and shall only communicate with the defendants through their attorneys of record;

ORDERED that Plaintiff's Motion to Dismiss Defendants' Counterclaims (Docket #45) is DENIED;

ORDERED that Plaintiff's Motions to take Judicial Notice (Dockets #51 and 63) are DENIED;

ORDERED that Plaintiff's Motion to Show Cause for Defendants to File Pleadings Traditionally (Docket #52) is DENIED; and, it is

ORDERED that Plaintiff's Second Motion for Default (Docket #64) is DENIED.

- 2

The clerk of the court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se.

DATED this 25th day of APRIL 2005.

*Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

- 3